

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2927

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2927

———————

HUI FANG WANG,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A78-444-652)

———————

Submitted pursuant to Third Circuit LAR 34.1(a)
September 27, 2007

Before: McKEE, BARRY & FISHER, Circuit Judges

(Opinion Filed: December 11, 2007)

———————

OPINION

———————

McKEE, Circuit Judge.

Hui Fang Wang petitions for review of that portion of an order of the Board of

Immigration Appeals that affirmed the Immigration Judge's denial of her claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as it may be helpful to our brief discussion. We must uphold the BIA's denial of relief if it is based on "reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). (internal quotation marks and citation omitted).

Wang argues that the BIA's decision was not based on substantial evidence because the BIA did not properly weigh testimony that friends and family were persecuted under China's coercive family planning policy. She also argues that the BIA's decision is contrary to *Guo v. Ashcroft*, 386 F.3d 556 (3d Cir. 2004).

Wang relies in part upon the following statement by the BIA: "[w]hile the record is replete with documentary evidence of mistreatment of Chinese citizens who violated the population control laws while living in China, there is nothing to show that Chinese nationals returning to China with foreign-born children have been subjected to forced sterilization or persecution." A.R. 4. Wang argues that the BIA did not specify the evidence it was referring to - the background documentation or the evidence pertaining to

Wang's family.  She argues that if the BIA did not consider evidence such as her mother's forced sterilization, her sister's forced abortion, Wang's own forced gynecological exams, and evidence about the treatment of her fellow villagers, the BIA's decision is not supported by sufficient evidence.  Wang claims that this evidence is itself sufficient to establish a reasonable fear of persecution. We disagree.

Even assuming that the BIA did not adequately consider the evidence pertaining to Wang's family, we do not believe that evidence undermines the BIA's conclusion that Wang failed to establish a reasonable fear of *future persecution.*  The BIA bottomed its holding on the lack of evidence of the application of the one child policy to Chinese nationals returning to China with foreign-born children.  Thus, the ordeals that other members of her family had to endure is irrelevant to Wang's claim of "refugee" status.  Moreover, the BIA specifically noted that the record is replete with "evidence of mistreatment of Chinese citizens who violated the population control laws while living in China."  Therefore, the BIA *did* consider the evidence pertaining to Wang's mother and sister, both of whom are Chinese citizens who violated the family planning laws while living in China.

Wang's claim that the BIA's decision is inconsistent with our decision in *Guo v. Ashcroft*, is also unpersuasive. Guo challenged the BIA's denial of her petition to reopen a previously denied asylum application in light of the intervening births of two children to the alien.  386 F.3d at 560.   Guo's initial asylum petition had been based on fear of

3

religious persecution. After the BIA affirmed the IJ's denial of that claim, Guo attempted to reopen in order to assert a claim for asylum based on China's coercive family planning policy. She argued that she had a reasonable fear of future persecution because of the intervening birth of two children in the United States.

To prevail on a motion to reopen, an alien must establish a *prima facie* case of eligibility for asylum. *Id.* at 563. Wang's attempt to rely on *Guo* ignores the distinction between the quantum of proof that is required to establish a *prima facie* case, and the proof required to actually establish that one is a "refugee" entitled to relief from removal. As we explained: "Guo argues that the evidence she submitted, even if initially insufficient to establish eligibility for asylum, at least satisfied the *prima facie* evidence requirement." . *Id.* at 564. Thus, in ruling that the BIA should have granted Guo's petition to reopen, we merely allowed her to present a new ground for asylum to the IJ; a ground that was not previously available. We did not hold that her claim was meritorious, nor did we determine as a matter of law that Chinese officials would apply the coercive family policy to children born outside of China.

The record supports the BIA's determination that Wang has failed to make out a *prima facie* case for eligibility for asylum and thus has also failed to make out a *prima facie* case on her withholding and CAT claims. *See Gou*, 386 F.3d at 561 n.4.

## II.

Accordingly, for the reasons set forth above, we will deny her petition for review.

4